**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GENE CLICK, JR.,<br>        Appellant, | DOCKET NUMBER<br>SF-0752-17-0388-X-1 |
|     v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: May 10, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nolan Lim, Esquire, Seattle, Washington, for the appellant.

Steven B. Schwartzman, Esquire, Seattle, Washington, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1       On March 29, 2018, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's October 3, 2017

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

final decision dismissing the underlying case pursuant to the parties' settlement agreement. *Click v. U.S. Postal Service*, MSPB Docket No. SF-0752-17-0388-C-1, Compliance File, Tab 10, Compliance Initial Decision (CID); *Click v. U.S. Postal Service*, MSPB Docket No. SF-0752-17-0388-I-1, Initial Appeal File (IAF), Tab 22, Initial Decision (ID).[3] For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2 The settlement agreement required the agency, among other things, to pay the appellant "all back pay and benefits (less payroll deductions) from the date of his removal through his resignation." IAF, Tab 21 at 6. The administrative judge determined that the agency had paid the appellant some back pay but had not paid him overtime pay as part of the back pay award or interest due on the entire back pay amount (including overtime). CID at 5. The administrative judge therefore ordered the agency to pay the appellant for 79.95 hours of overtime work, plus interest on the entire back pay amount.[4] CID at 5.

¶3 After neither party filed a petition for review, the case was referred to the MSPB's Office of General Counsel for a final decision on the issues of compliance, pursuant to 5 C.F.R. § 1201.183(b)-(c). *Click v. U.S. Postal Service*, MSPB Docket No. SF-0752-17-0388-X-1, Compliance Referral File (CRF), Tab 1 at 2. The Clerk's Office issued an acknowledgment order directing the agency to

---

[3] The October 3, 2017 initial decision became the final decision of the Board after neither party filed a petition for administrative review by November 7, 2017. ID at 3.

[4] The administrative judge's order is somewhat ambiguous as to whether the interest was to be paid on the entire back pay amount or merely on the unpaid overtime. However, the administrative judge's discussion of the agency's contentions regarding its obligations under the settlement agreement notes that the agency paid no interest previously. CID at 3-4. Thus, interest was owed on the entire back pay amount.

submit evidence that it had complied with all actions identified in the compliance initial decision. *Id.* at 3.

¶4 Subsequently, on May 22, 2018, the agency submitted a statement of compliance, providing its calculation of the overtime amount due to the appellant as required by the Board's decision. CRF, Tab 2. The agency also stated in its response that the interest due to the appellant was being calculated on an expedited basis and that full compliance with the actions identified in the compliance initial decision would be completed in a timely manner. *Id.* at 2-3.

¶5 On June 8, 2018, the agency submitted a supplemental statement of compliance stating that, on June 1, 2018, a check representing the overtime pay due to the appellant was delivered to the appellant's home and that the appellant's counsel had confirmed that the appellant received the check for the unpaid overtime. CRF, Tab 3 at 4. The agency also stated that, on June 1, 2018, agency counsel received the check for the unpaid interest on back pay/overtime due to the appellant in the amount of $918.36 and that the check would be mailed to the appellant on that date. *Id.* The appellant did not file a response to either submission.

¶6 In the acknowledgment order referring the compliance matter to the MSPB's Office of General Counsel, the appellant was provided 20 calendar days from the date of service of the agency's submission to respond to it. CRF, Tab 1 at 3-4. The acknowledgment order also informed the appellant that, if no response was received within the 20 calendar days provided, the Board may assume that he was satisfied and dismiss the petition for enforcement. *Id.* at 4. As the appellant has not responded to the agency's evidence of compliance, we assume he is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶7 In view of the agency's evidence of compliance and the appellant's failure to respond, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in

this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.